UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

09 JAN 13 PM 4: 24

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | | |
|---|---|---|
| Heckler and Koch, Inc. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | No. |
| v. | ) | |
| | ) | |
| German Sports Guns GmbH; | ) | **1:09**-cv-**0039** WTL-JMS |
| Orion Arms Corp.; American | ) | |
| Tactical Imports, Inc. | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

For this Complaint against Defendants, German Sports Guns GmbH ("GSG"), Orion Arms Corp. ("Orion"), and American Tactical Imports, Inc. ("ATI"), Plaintiff, Heckler and Koch, Inc. ("HK") hereby alleges as follows:

## SUBSTANCE OF THE ACTION

1. Plaintiff's Complaint arises from the unauthorized advertisement, distribution and/or sale of firearms by Defendants. The advertisements, packaging and/or merchandise used by Defendants in connection with the sale of these firearms contain the trademarks and trade dress of HK ("the HK IP").

2. Defendants' use of the HK IP on the infringing items violates HK's rights under federal trademark law, common law and Indiana state law. HK asserts claims for federal trademark infringement, federal trademark dilution, false designation of origin or sponsorship, false advertising, and trade dress infringement pursuant to the Lanham Act, as well as common law trademark infringement, unfair competition, conversion, forgery,

counterfeiting, and deception.  HK seeks a permanent injunction preventing Defendants from using the distinctive HK IP, along with an award of damages, treble damages, profits, attorney's fees and costs.

## THE PARTIES

3.  HK is a corporation organized and existing under the laws of the state of Virginia.

4.  Defendant, GSG is a foreign business organized and existing under the laws of Germany. GSG may be served through its Managing Director, Dietmar Emde, Oesterweg 21, 59469 Ense Nordrhein-Westfalen, Germany.

5.  Defendant, ATI, is a corporation organized and existing under the laws of New York. ATI may be served through its owner, Anthony Dichario, 100 Airpark Drive, Rochester, New York, 14624.

6.  Defendant, Orion is a corporation organized and existing under the laws of Indiana. Orion may be served through its registered agent, C. Michael Jones, 3300 Industrial Parkway, Jeffersonville, IN 47130.

## JURISDICTION AND VENUE

7.  This Court has original jurisdiction over Counts I – III and V of this Action pursuant to 28 USC § 1331 and 1338.  This court has supplemental jurisdiction over the remaining counts of this Action pursuant to 28 USC § 1367 (a).

8.  Defendants GSG, ATI, and Orion have submitted to this Court's jurisdiction by doing business in the state of Indiana.

9.  Venue properly lies in this Court because a substantial part of the events giving rise to the claims alleged herein arose in the state of Indiana.

## GENERAL ALLEGATIONS AS TO HK

### 1.   The HK IP

10. This Complaint involves the intellectual property of HK.

11. HK owns a wide variety of intellectual property rights ("the HK IP").  Included within the HK IP are federal and state registered trademarks, trade dress, copyrights and patents. These registrations are active and unrevoked, and constitute *prima facie* evidence of HK's ownership of the marks.

12. HK also owns common law trademark rights in the distinct shapes and features of its gun products, including, most notably, the MP5 ®.  These common law rights are included in the HK IP.

13. HK maintains strict control over the quality and nature of their products and items bearing the HK IP.

14. HK has invested considerable time and money in advertising the HK IP throughout Indiana and around the world.  As a result of extensive worldwide advertising, the HK IP is immediately recognizable.

15. HK has acquired substantial goodwill among consumers.

16. As a result of such goodwill and immediate recognition, and as a result of extensive advertising, the HK IP has become highly valuable.

### Defendants' Infringement of HK's Trademark Rights

17. Subsequent to HK's development, use, and registration of the HK IP, Defendant began using the HK IP or confusingly similar variations of the marks.

18. Specifically, defendants have manufactured, distributed, advertised and/or sold firearms



bearing the HK IP or which replicate the HK IP. (See Attached, Exhibit A)

19. Defendants have not received permission from HK, or anyone acting on HK's behalf, to manufacture, distribute, advertise or sell any item bearing the HK IP.

20. By manufacturing, distributing, advertising and/or selling items bearing the HK IP without permission, Defendants have attempted to profit from and capitalize on the trademark rights and substantial goodwill developed by HK.

21. Defendants have willfully and intentionally manufactured, distributed, advertised and/or sold products bearing the HK IP with knowledge of HK's ownership of the HK IP.

22. Defendants manufactured, distributed, advertised and/or sold items bearing the HK IP with knowledge that Defendants' use of the HK IP was unauthorized.

23. The manufacture, distribution, advertisement, and/or sale of items bearing the HK IP created a likelihood of consumer confusion.

24. Defendants used the HK IP with the intent to confuse and/or deceive consumers.

**COUNT I**
**FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114**

25. HK incorporates herein by reference the allegations contained in all previous paragraphs of this Complaint.

26. Defendants have used in commerce, and in connection with the sale of goods, a reproduction, counterfeit, copy or colorable imitation of the HK IP.

27. Defendants have reproduced, counterfeited, copied or imitated the HK IP and applied the marks to labels, signs, prints, packages, receptacles or advertisements intended to be used in commerce.

28. Defendants' use of the HK IP creates the likelihood of confusion, mistake and/or deception among consumers.

29. Defendants willfully infringed upon the HK IP. Defendants intended to confuse, mistake or deceive consumers.

30. Defendants used the reproductions of the HK IP with knowledge that the marks were copies and/or counterfeits.

31. Consumers were initially interested and lured to the infringing items by the similarity to the HK IP.

32. As a result of Defendants' infringement, HK has suffered irreparable harm to valuable HK IP. Unless Defendants are permanently enjoined from further infringement, HK will continue to suffer irreparable harm.

33. A permanent injunction is necessary to prevent Defendants from further interference with the HK IP.

34. As a result of Defendants' infringement under 15 U.S.C. § 1114, HK has been injured and is entitled to damages, including but not limited to, Defendants' profits from the sale of all infringing goods, actual damages, treble damages, statutory damages, costs of suit and attorney's fees.

## COUNT II
## TRADEMARK DILUTION UNDER 15 U.S.C. § 1125(c)

35. HK incorporates herein by reference the allegations contained in all previous paragraphs of this Complaint.

36. The HK IP is the product of creativity and imagination.

37. The HK IP is distinctive and famous.

38. Defendants adopted the HK IP after the marks became famous.

39. Defendants' use of the HK IP caused dilution of the marks.

40. Defendants' use of the HK IP is commercial and in commerce.

41. Defendants' use of the HK IP has weakened the unique association of the HK IP with HK.

42. As a result of Defendants' dilution under 15 U.S.C. § 1125(c), HK has suffered irreparable harm to valuable HK IP. Unless Defendants are permanently enjoined from further dilution, HK will continue to suffer irreparable harm.

43. A permanent injunction is necessary to prevent Defendants from further interference with the HK IP.

44. Defendants' dilution of the HK IP has caused HK damages, including, but not limited to, Defendants' profits from the sale of all infringing goods, actual damages, treble damages, statutory damages, costs of suit and attorney's fees.

**COUNT III**
**FALSE DESIGNATION OF ORIGIN OR SPONSORSHIP,**
**FALSE ADVERTISING AND**
**TRADE DRESS INFRINGEMENT UNDER 15 U.S.C. § 1125(a)**

45. HK incorporates herein by reference the allegations contained in all previous paragraphs of this Complaint.

46. Defendants used the HK IP in commerce and in connection with the sale of goods or services.

47. Defendants' use of the HK IP is likely to cause confusion or mistake and/or is likely to deceive consumers as to the affiliation, connection or association of Defendants with HK; or as to the origin, sponsorship, or approval of Defendants' goods by HK, or anyone acting on behalf of HK.

48. Defendants' conduct constitutes false or misleading descriptions, false advertising, and false designations of the origin and/or sponsorship of Defendants' goods and constitutes

trade dress infringement in violation of § 43(a) of the Lanham Act, as amended, 15 U.S.C. § 1125(a).

49. As a result of Defendants' conduct, HK has suffered irreparable harm to valuable HK IP. Unless Defendants are permanently enjoined from further false designations, false advertisement and trade dress infringement, HK will continue to suffer irreparable harm.

50. A permanent injunction is necessary to prevent Defendants from further interference with HK IP.

51. Defendants' violations of 15 U.S.C. §1125(a) have caused HK to incur damages, including, but not limited to, Defendants' profits from the sale of all infringing goods, actual damages, treble damages, statutory damages, costs of suit and attorney's fees.

**COUNT IV**
**COMMON LAW TRADEMARK INFRINGEMENT**

52. HK incorporates herein by reference the allegations contained in all previous paragraphs of this Complaint.

53. HK was the first to use the HK IP or any marks similar thereto in association with the sale of any product or service. As a result of the continued sale by HK, the HK IP has become immediately recognizable and HK has become identified in the public mind as the manufacturer and/or licensor of the products and services to which the HK IP are applied.

54. HK has acquired a reputation among consumers for quality and excellence, and the HK IP has come to symbolize that reputation.

55. Defendants, with knowledge of and with intentional disregard for the rights of HK, manufactured, distributed, advertised and/or sold items using the HK IP or confusingly similar imitations thereof.

56. Defendants' use of the HK IP has created a likelihood of confusion among consumers.

57. Defendants' acts constitute trademark infringement and willful infringement under common law.

58. As a result of Defendants' conduct, HK has suffered irreparable harm to valuable the HK IP. Unless Defendants are permanently enjoined from further infringement, HK will continue to suffer irreparable harm.

59. A permanent injunction is necessary to prevent Defendants from further interference with the HK IP.

60. As a result of Defendants' infringement, HK has suffered damages, including, but not limited to, Defendants' profits from the sale of all infringing goods, actual damages, treble damages, statutory damages, costs of suit and attorney's fees.

**COUNT V**
**UNFAIR COMPETITION**

61. HK incorporates herein by reference the allegations contained in all previous paragraphs of this Complaint.

62. Defendants' unlawful and unauthorized use of the HK IP constitutes unfair competition with HK.

63. Defendants' conduct creates consumer confusion as to the source and/or origin of the infringing items.

64. Defendants' use of the HK IP is an attempt to interfere with HK's business relationship with its consumers and to trade on HK's goodwill.

65. As a result of Defendants' conduct, HK has suffered irreparable harm. Unless Defendants are permanently enjoined from further unfair competition, HK will continue to suffer irreparable harm.

66. A permanent injunction is necessary to prevent Defendants from further interference with the HK IP.

67. Defendants' unfair competition has caused HK to incur damages, including but not limited to, Defendants' profits from the sale of the infringing products, actual damages, costs of suit and attorney's fees.

## COUNT VI
## CONVERSION UNDER IND. CODE § 35-43-4-3

68. HK incorporates herein by reference the allegations contained in all previous paragraphs of this Complaint.

69. Defendants knowingly or intentionally exerted unauthorized control over the property of HK, specifically the HK IP, owned by HK.

70. Defendants sold items bearing the HK IP without HK's consent, and in a manner or to an extent other than that to which HK had consented.

71. Defendants knowingly or intentionally exerted unauthorized control over the goodwill developed by HK.

72. As a result of Defendants' conversion, HK was damaged and seeks an award of actual damages, treble damages, costs and attorney's fees pursuant to the Indiana Crime Victim's Act, Ind. Code § 34-24-3-1.

## COUNT VII
## FORGERY UNDER IND. CODE § 35-43-5-2(b)

73. HK incorporates herein by reference the allegations contained in the previous paragraphs of this Complaint.

74. Defendants, with the intent to defraud, made, uttered, and/or possessed a written instrument in such a manner that it purports to have been made by HK.

75. HK did not give Defendants the authority to make or possess the infringing items.

76. As a result of Defendants' forgery, HK was damaged and seeks an award of actual damages, treble damages, costs and attorney's fees pursuant to the Indiana Crime Victim's Act, Ind. Code § 34-24-3-1.

### COUNT VIII
### COUNTERFEITING UNDER IND. CODE § 35-43-5-2(a)

77. HK incorporates herein by reference the allegations contained in all previous paragraphs of this Complaint.

78. Defendants knowingly or intentionally made and/or uttered a written instrument in such a manner that it purports to have been made by HK.

79. HK did not give Defendants the authority to make or utter the infringing items.

80. As a result of Defendants' counterfeiting, HK was damaged and seeks an award of actual damages, treble damages, costs and attorney's fees pursuant to the Indiana Crime Victim's Act, Ind. Code § 34-24-3-1.

### COUNT IX
### DECEPTION UNDER IND. CODE § 35-43-5-3

81. HK incorporates herein by reference the allegations contained in all previous paragraphs of this Complaint.

82. Defendants knowingly or intentionally made a false or misleading written statement with the intent to obtain property.

83. Defendants, with the intent to defraud, misrepresented the identity or quality of property.

84. As a result of Defendants' deception, HK was damaged and seeks an award of actual damages, treble damages, costs and attorney's fees pursuant to the Indiana Crime Victim's Act, Ind. Code § 34-24-3-1.

## COUNT X
## CLAIM FOR CORRECTIVE ADVERTISING DAMAGES

85. HK incorporates herein by reference the allegations contained in all previous paragraphs of this Complaint.

86. Defendants have damaged HK, through their advertising, HK's goodwill and reputation, or has otherwise caused misinformation in the marketplace as to the origin, source or sponsorship of Defendants' products.

86. HK seeks those damages arising from this advertising injury, including but not necessarily limited to monies sufficient to compensate for the damage to HK's goodwill and/or the cost for correcting the misinformation in the marketplace.

## PRAYER FOR RELIEF

WHEREFORE, HK prays for relief against the Defendants as follows:

a.    That Defendants, their officers, partners, agents, servants, affiliates, employees, attorneys, and representatives, and all those in privity or acting in consent or participation with Defendants, and each and all of them, be permanently enjoined from:

(i)    Imitating, copying, reproducing, or using, in any manner, the HK IP, or any other mark confusingly similar to the HK IP;

(ii)    Committing any act that dilutes or is likely to dilute the distinctiveness of the HK IP;

(iii)    Committing any act that is likely to create the impression that Defendants' business or products are in any way sponsored by, approved by, or otherwise affiliated or connected with HK;

(iv)    Importing, manufacturing, producing, distributing, circulating, selling,

offering for sale, advertising, promoting or displaying any product or service using any simulation, reproduction, counterfeit, copy or imitation of any HK IP; and

    (v)    instructing, assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (iv) above.

b.    That Defendants be required to:

    (i)    Deliver to HK for destruction all goods and materials bearing HK IP which Defendants have in their possession;

    (ii)    Recall and deliver to HK for destruction all goods and materials bearing the HK IP that have been previously distributed or sold;

    (iii)    Pay compensatory damages to HK in an amount to be determined at trial for the injuries HK has sustained as a consequence of the acts complained of;

    (iv)    Pay HK treble damages, or alternatively, Defendants' profits trebled, whichever is greater;

    (v)    Pay all of HK's litigation expenses, including reasonable attorneys' fees and costs of this action;

    (vi)    Pay interest to HK, including pre-judgment interest on the foregoing sums; and

    (vii)    File with this Court and serve on HK an affidavit setting forth in detail the manner and form of Defendants' compliance with the terms of this Court's orders.

c.      That HK be awarded such other and further relief as the Court may deem just and

proper.

Respectfully submitted,

Darlene R. Seymour
Attorney # 23133-49

By:_____

1292 E. 91st Street
Indianapolis, IN 46240