UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| HECKLER AND KOCH, INC., <br><br> PLAINTIFF <br><br> v. <br><br> GERMAN SPORT GUNS GMBH, ORION ARMS CORP., and AMERICAN TACTICAL IMPORTS, INC., <br><br> DEFENDANTS. | No. 1:09-cv-00039-WTL-JMS |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR
MOTION TO DISMISS COUNTS VI – IX**

This is a lawsuit filed by Plaintiff Heckler and Koch, Inc. ("Plaintiff" or "HK") against Defendants German Sport Guns GmbH ("GSG"), Orion Arms Corp. ("Orion") and American Tactical Imports, Inc. ("ATI").  Plaintiff's claims for trade dress and trademark infringement claims and each of the related causes of action asserted within Counts I through V arise solely from the appearance of certain firearm products marketed by Defendants and the descriptive designations used in conjunction with those products. Plaintiff's claims asserted in Counts VI through IX extend inappropriately to causes of action for:  <u>conversion</u> in violation of Ind. Code § 35-43-4-3 (Count VI); <u>forgery</u> in violation of Ind. Code § 35-43-5-2(b) (Count VII); <u>counterfeiting</u> in violation of Ind. Code § 35-43-5-2(a) (Count VIII); and <u>deception</u> in violation of Ind. Code § 35-43-5-3 (Count IX).  However, the Supreme Court held more than forty years ago that no state law claim may be asserted to prevent the copying of any manufactured article that is not protected by a patent or a copyright – and there is no relevant patent or copyright protection applicable to any allegedly copied firearm product of Plaintiff.  Moreover,

- 2 -

even if the state law claims were not otherwise prohibited, the requisite elements for those claims are not pled and/or cannot be pled under the circumstances from which this lawsuit arose. Therefore, pursuant to Federal Rule of Civil Procedure 12(b)(6), each of Counts VI, VII, VIII and IX should be dismissed for failure to state a claim upon which relief can be granted[1].

## I. ARGUMENT

A Rule 12(b)(6) motion to dismiss for failure to state a claim tests the legal sufficiency of a complaint. *Autry v. Northwest Premium Servs., Inc.*, 144 F.3d 1037, 1039 (7th Cir. 1998). A court should grant a motion to dismiss pursuant to Rule 12(b)(6) when it appears beyond doubt that the pleader can prove no set of facts in support of the claim that would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 45 (1957). In deciding a motion to dismiss, the court must accept the factual allegations in the complaint as true, and view them in the light most favorable to the plaintiff. *Ellsworth v. City of Racine*, 774 F.2d 182, 184 (7th Cir. 1985).

### A. Under the Supreme Court's holding in *Compco*, and under this Court's own precedent, Plaintiff's *Complaint* fails to state a cognizable state law claim for conversion in Count VI.

More than forty years ago, the Supreme Court held that, when a manufactured article is not protected by a patent or a copyright, state law may not preclude others from copying that article. *Compco Corp. v. Day-Bright Lighting, Inc.*, 376 U.S. 234, 237, 84 S. Ct. 779, 782 (1964). Notwithstanding the clarity of that holding, and notwithstanding that Plaintiff has not pled the existence of, and does not have, any relevant patent or

---

[1] It should be noted that Plaintiff ostensibly asserts an additional *claim* designated in Paragraphs 87-89 (misidentified by Plaintiff as Paragraphs 87, 88 and 86) as "Count X—Claim for Corrective Advertising Damages." However, that portion of Plaintiff's Complaint fails to assert any actual *claim* and is instead merely a request for certain *remedies*.

- 3 -

copyright protection for the appearance of any of its several iterations of MP5 firearm products, Plaintiff has asserted causes of action under several Indiana statutes. The assertion of those claims is not permitted under *Compco*, and, even if such claims could be asserted in this lawsuit, Plaintiff's pleadings do not state cognizable claims under those statutes.

Criminal conversion is committed when a person knowingly or intentionally exerts unauthorized control over the property of another person. Ind. Code § 35-43-4-3. An essential element of a conversion claim is that the defendant takes and appropriates plaintiff's personal property for defendant's own use and benefit, in "exclusion and defiance of the owner's rights." *Shourek v. Stirling*, 621 N.E.2d 1107, 1109 (Ind. 1993); *see also Ellington v. Gibson Piano Ventures, Inc.*, 75 U.S.P.Q.2D (BNA) 1724, *36 (S.D. Ind. 2005). Moreover, courts interpreting conversion statutes have recognized that such statutes do not apply to the alleged taking of "intellectual property" but instead apply only to the taking of physical objects. *See, e.g., United States ex rel. Berge v. Board of Trustees of University of Alabama*, 104 F.3d 1453, 1463 (4th Cir. 1997).

The United States District Court for the Southern District of Indiana has flatly refused to find the existence of any viable claim for criminal conversion in the context of a traditional civil trademark infringement case. *Ellington*, like this lawsuit, was a trademark-centric lawsuit. In *Ellington*, the estate of Duke Ellington sued defendant for placing the designation "Ellington" on its piano, which plaintiff claimed was a conversion of its "Duke Ellington" trademarks. *Id*. The plaintiff claimed that the defendants, in engaging in actions constituting trademark infringement, also "exerted unauthorized control over the property of another" and asserted a claim under Ind. Code

§ 35-43-4-3. *Id*. at 35. The Court granted summary judgment for the defendants on that claim because there was no evidence that any conduct of the defendants, in displaying the "Ellington" mark on their goods, excluded the plaintiff from possession of its property. *Id*. at 36. Because the plaintiff continued to possess and direct the use of its "Duke Ellington" marks notwithstanding any claimed infringement thereof, the plaintiff, as a matter of law, could not satisfy one of the essential elements of a conversion claim: that the defendants took and appropriated the plaintiff's personal property for the defendants' own use and benefit, in exclusion and defiance of the owner's rights. *Id*.

As in *Ellington*, Plaintiff has not alleged and cannot allege that Defendants have taken and appropriated either the MP5 trademark (the "Putative MP5 Trademark") or the trade dress or trademark rights (if any exist) associated with the appearance of any MP5 firearm product (the "Putative MP5 Rifle Trade Dress") for Defendants' own use and benefit and in *exclusion* and defiance of Plaintiff's rights. In its *Complaint*, Plaintiff even admits that it still "maintains strict control over the quality and nature of its products and items bearing the HK IP." *Complaint*, ¶ 14. *I.e.*, Plaintiff HK asserts, as did the plaintiff in *Ellington*, that it is still in possession of the allegedly infringed intellectual property rights. Thus, HK cannot maintain its claim of statutory conversion against Defendants without violating the Supreme Court's holding in *Compco* and without contorting both the provisions and purpose of the Indiana statute, and Count VI of the *Complaint* should be dismissed for failure to state a claim upon which relief can be granted.

Based on briefs filed in previous lawsuits, it is anticipated that HK may argue in its responsive brief that the *Ellington* case is inapposite and should not be followed and instead ask the Court to follow cases pertaining not to trademarks but instead to

microwaves,[2] and cable signals and converter boxes,[3] a case analyzing the conversion law of another state,[4] and/or a case having no actual claim of criminal conversion.[5]  If HK does so, it will fail to cite, and HK cannot cite, any controlling legal authority supporting the viability of even the mere allegation of criminal conversion in conjunction with acts allegedly constituting trademark or trade dress infringement.  Plaintiff cannot do so because every court to consider such a claim has rejected it.  4 J. THOMAS MCCARTHY, MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 25:9.50 (4th ed. 2008) (attached hereto at Exhibit A).  As this often-cited treatise notes, allowing a state law conversion claim in conjunction with trademark (or trade dress) infringement would be a "shortcut around the trademark law's standards of protection" and the likelihood of confusion test.  *Id*.  Moreover, as noted above, the Supreme Court has held "that when an article is unprotected by a patent or a copyright, state law may not forbid others to copy that article."  *Compco*, 376 U.S. at 237, 84 S. Ct. at 782.  Thus, this Court should follow the Supreme Court's precedent, as well as its own properly decided precedent in *Ellington*, and dismiss Count VI of Plaintiff's *Complaint* for failure to state a claim upon which relief can be granted.

---

[2] *Burwell v. State*, 524 N.E.2d 817 (Ind.Ct.App. 1988).

[3] *Porter County Cable Co. v. Moyer*, 624 F. Supp. 1 (N.D. Ind. 1983) (converter boxes); *Moser v. State*, 433 N.E.2d 68 (Ind.Ct.App. 1982) (cable signals).

[4] *FMC Corp. v. Capital Cities/ABC, Inc.*, 915 F.2d 300 (7th Cir. 1990).

[5] *CFM Majestic, Inc. v. NHC, Inc.*, 93 F. Supp. 2d 942 (N.D. Ind. 2000)

> **B. Because of *Compco*, and because Defendants' allegedly infringing firearm products are not "written instruments," Plaintiff's forgery and counterfeiting claims of Counts VII and VIII under Ind. Code § 35-43-5-2 are also legally insufficient and should be dismissed.**

Notwithstanding the application of *Compco* to this case, Plaintiff, in Counts VII and VIII of its *Complaint*, accuses Defendants of forgery and counterfeiting under the Indiana state forgery statute, Ind. Code § 35-43-5-2. An essential element to both these claims is that the alleged forgery or counterfeiting involves a *written instrument*, which is defined as "a paper, document or other instrument *containing written matter* and includes money, coins, tokens, stamps, seals, credit cards, badges, trademarks, medals, or other objects or symbols of value, right, privilege or identification." Ind. Code § 35-43-5-1.

Plaintiff's companion claims for forgery and counterfeiting are almost exactly the same and therefore fail for the same reason. *Complaint*, ¶¶ 75-82. Neither claim specifies what *written instrument* Defendants allegedly forged and/or counterfeited. The definition of a *written instrument* includes trademarks, but the definition also requires that any allegedly forged or counterfeited trademark contain *written matter*, and the written instrument also must purport to have been made by someone other than the victim of that wrongful act. Ind. Code § 35-43-5-1. Therefore, any trade dress or trademark Plaintiff accuses Defendants of forging and counterfeiting must incorporate in it *written matter* for Plaintiff to even assert these claims against Defendants. In its *Complaint*, Plaintiff asserts that Defendants manufactured, distributed, advertised or sold a line of firearms that replicate the MP5 firearm products. *Complaint*, ¶19. A firearm product does not constitute *written matter* and therefore is not a *written instrument*. Accordingly, Plaintiff's product-related allegation does not satisfy the elements of the forgery and counterfeiting statutes. Therefore, to the extent Plaintiff is relying on Defendants'

manufacture, distribution, advertisement and sale of any firearm product as the basis for its claims, each of Plaintiff's claims for statutory forgery and counterfeiting should be dismissed for failure to state a claim upon which relief can be granted.

Moreover, because the product description labels affixed to the ends of Defendants' firearms cartons (shown by Plaintiff in Exhibit A of its *Complaint*) are not written instruments which purport to have been made by or under the authority of Plaintiff, to the extent Plaintiff is relying on the incorporation of such labels on its packaging as the basis for its claims, each of said label-related claims for statutory forgery and counterfeiting also should be dismissed for failure to state a claim upon which relief can be granted.

Further, inasmuch as the *Complaint* pleads no other basis for the forgery and counterfeiting claims, Counts VII and VIII should be dismissed in their entireties.

**C. Likewise, Plaintiff cannot succeed on its statutory deception claim of Count IX because of *Compco* and because Plaintiff has not alleged that Defendants made a false or misleading written statement.**

Under Ind. Code § 35-43-5-3, a person is guilty of deception if he knowingly or intentionally makes a false or misleading *written statement* with intent to obtain property. As with its forgery and counterfeiting claims, Plaintiff's claim of statutory deception does not comport with *Compco* and does not specify what misleading or false *written statement* has been made by any or all of the Defendants with the intent to obtain property. *Complaint*, ¶¶ 83-86. As noted above, to the extent that Plaintiff is relying on Defendants' marketing of any physical firearm product as the basis for its statutory deception claim, that claim should be dismissed for failure to state a claim upon which relief can be granted, because, *inter alia*, a firearm product itself is not a *written*

*statement* and permitting the claim would be contrary to the holding of *Compco*. Likewise, to the extent that Plaintiff is relying on Defendants' incorporation of the product description labels shown in Exhibit A to the *Complaint*, that claim also should be dismissed because, *inter alia*, those labels are neither *written instruments* nor used for the purpose of obtaining property. Therefore, Plaintiff's pled claim for statutory deception is not legally sufficient and should be dismissed in its entirety pursuant to Rule 12(b)(6).

## II. CONCLUSION

For the reasons stated herein, each of Counts VI, VII, VIII and IX should be dismissed for failure to state a claim upon which relief may be granted.

Respectfully submitted,

s/ Larry Jones
Douglas B. Bates
Supreme Court No. 16355-10
Bruce B. Paul
Supreme Court No. 25731-10
STITES & HARBISON, PLLC
323 East Court Avenue
Jeffersonville, IN 47130
Telephone: (812) 282-7566

Larry C. Jones, *pro hac vice*
Theresa Conduah, *pro hac vice*
ALSTON & BIRD LLP
101 S. Tryon Street, Suite 4000
Charlotte, North Carolina 28280
Telephone: (704) 444-1019

ATTORNEYS FOR DEFENDANTS, GERMAN SPORT GUNS GMBH, ORION ARMS CORP., AND AMERICAN TACTICAL IMPORTS, INC.

## CERTIFICATE OF SERVICE

      I hereby certify that on February 20, 2009, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to the following by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

    Darlene R. Seymour
    dseymour@ce-ip.com

                                       s/ Larry Jones
                                       Larry C. Jones

LEGAL02/31154890v1