# EXHIBIT A

### § 25:9.50  Conversion of a trademark

*Summary*: Occasionally, a trademark owner will allege, either along with or instead of a traditional infringement claim, that its mark has been "converted" by defendant. Every court to consider such a claim has rejected it. The author agrees that the tort of "conversion" should not be stretched and deformed to substitute for the traditional law of trademark infringement.

The common law tort of conversion of a chattel is an old and venerable type of Anglo-American legal claim. In its modern form, conversion is "an intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel."[1] A chattel is a form of tangible property other than real estate.[2] Some courts have stretched the tort of conversion to include the illegal taking of not only tangible property, but also some forms of intangible property. This sometimes leads attorneys to make the allegation that a defendant has "converted" a piece of intellectual property, such

---

[4]Shell Oil Co. v. Commercial Petroleum, Inc., 733 F. Supp. 40, 14 U.S.P.Q.2d 1235 (W.D.N.C. 1989), aff'd, 928 F.2d 104, 18 U.S.P.Q.2d 1156 (4th Cir. 1991) (the likely confusion of customers was as to the quality of the bulk oil sold by defendant).

[Section 25:9.50]

[1]Restatement Second, Torts, § 222A(1) (1965).

[2]"Chattel" is usually defined as tangible personal property. Black's Law Dictionary (7th ed. 1999).

§ 25:9.50   McCarthy on Trademarks

as a patent, trademark or copyright.[3]

Some states do not recognize a tort of conversion of intangible personal property.[4] Other courts do. When the tort of "conversion" is stretched to include intangible property, many courts require that the intangible be merged or incorporated into a tangible document, such as a bank book or promissory note.[5] Other courts abandon this link to a tangible manifestation and stretch the tort of conversion further to include some forms of intangible property, such as a domain name.[6]

Courts that have been faced with a claim that a trademark has been "converted" have rejected the concept outright.[7] For example, Judge Gadola in federal court in Michigan denied

---

[3]See, e.g., Kendall/Hunt Pub. Co. v. Rowe, 424 N.W.2d 235 (Iowa 1988) (rejecting a claim of conversion of the design and layout of a book which the defendant copied and re-published. No copyright claim was made); Marley Co. v. FE Petro, Inc., 38 F. Supp. 2d 1070 (S.D. Iowa 1998) (Rejecting a claim of conversion of a technological concept. The law of trade secrets "provide a more appropriate avenue of redress. . . "); 90 C.J.S. § 14 ("[A]n idea is not subject to conversion unless it is expressed in a legally protected manner such as a patent, trademark or copyright.").

[4]Corporate Catering, Inc. v. Corporate Catering, LLC, 63 U.S.P.Q.2d 1913, 2001 WL 266041 (Tenn. Ct. App. 2001) ("Although many jurisdictions hold otherwise, Tennessee is among the jurisdictions that have declined to recognize a civil cause of action for conversion of intangible personal property.").

[5]See, e.g., Lawson v. Commonwealth Land Title Ins. Co., 69 Md. App. 476, 480-81, 518 A.2d 174, 176 (1986) (A claim for conversion of intangible property is recognized under Maryland law when the property is closely associated with a tangible document. "[The law] merged the underlying tangible right with the document so that the injured owner could recover not just the nominal value of the document itself that was wrongfully withheld but also the value of the right evidenced or represented by the document.").

[6]Kremen v. Cohen, 337 F.3d 1024, 1033, 67 U.S.P.Q.2d 1502 (9th Cir. 2003) ("In short, California does not follow the Restatement's strict requirement that some document must actually represent the owner's intangible property right." Held that the domain name sex.com was illegally converted by a registrar who transferred ownership of the domain name on the basis of a forged document. "[T]he common law does not stand idle while people give away the property of others.").

[7]—ilRichmond v. National Institute of Certified Estate Planners, 2006 WL 2375454 (N.D. Ill. 2006) (dismissing counts for conversion of trademark and trespass to chattel because they fail to state a claim under Illinois law).

—maLiebowitz v. Maxwell, 32 U.S.P.Q.2d 1683, 1994 WL 517456

TYPES OF TRADEMARK INFRINGEMENT § 25:9.50

plaintiff's motion for a trademark infringement preliminary injunction, finding that plaintiff had failed to prove a strong probability of success on the issue of likelihood of confusion. Plaintiff claimed that even though it had failed on its traditional trademark infringement claim, it could obtain a preliminary injunction against "conversion" of its trademark. The court rejected this "conversion" claim.[6] The judge noted that neither the court nor the plaintiff could find any precedent supporting a viable claim for "conversion" of a trademark. On the other hand, there was precedent rejecting such a claim.

*Author's Comment*: As noted above, some courts have stretched the tort of "conversion" to include the illegal taking of not only tangible property, but also some forms of intangible property. This has lead a few attorneys to make the allegation that a defendant has "converted" a piece of intellectual property, such as a patent, trademark or copyright. Were such a claim of "conversion" viable, it would mean that the tort of conversion could largely displace the IP laws traditionally defining what is an infringement of patents, trademarks and copyrights. For example, could a

---

(S.D. N.Y. 1994), related reference, 927 F. Supp. 688 (S.D. N.Y. 1996) (dismissing claim for conversion of trademark under Maryland law).

—miBig Time Worldwide Concert & Sport Club at Town Center, LLC. v. Marriott Intern., Inc., 236 F. Supp. 2d 791, 806-807 (E.D. Mich. 2003); Metro Sanitation, L.L.C. v. C & R Maintenance, Inc., 2005 WL 1861931 (E.D. Mich. 2005) (a claim for "conversion" of a service mark is not recognized in Michigan).

—nyFinancial Matters, Inc. v. Pepsico, Inc., 16 Int'l Trade Rc. 1025, 1994-1 Trade Cas. (CCH) P 70521, 1993 WL 378844 (S.D. N.Y. 1993) (Rejecting claim for conversion of trademark under New York law. "A trademark is not tangible personal property, but rather is intangible intellectual property having no existence apart from the good will of the product or service it symbolizes. No claim exists for conversion of intangible property.").

—txNeles-Jamesbury, Inc. v. Bill's Valves, 974 F. Supp. 979 (S.D. Tex. 1997) (rejecting claim for conversion of trademark under Texas law); Express One International, Inc. v. Steinbeck, 53 S.W. 3d 895 (Tex. App. 2001) (rejecting claim for conversion of trademark).

—teCorporate Catering, Inc. v. Corporate Catering, LLC, 63 U.S.P. Q.2d 1913, 2001 WL 266041 (Tenn. Ct. App. 2001) (rejecting a claim of conversion of a menu layout where plaintiff did not allege a claim that it had a trademark or trade dress in the menu layout).

[6]Big Time Worldwide Concert & Sport Club at Town Center, LLC. v. Marriott Intern., Inc., 236 F. Supp. 2d 791, 806-807 (E.D. Mich. 2003).

§ 25:9.50                                     McCarthy on Trademarks

plaintiff avoid the traditional trademark infringement test of likelihood of confusion and instead simply claim that defendant "converted" its trademark? If so, over 100 years of trademark law would be discarded. Thus, I believe that there is not, and should not be, such a thing as a viable claim that a trademark has been "converted."

Similar to the forbidden misuse of the misappropriation doctrine to assert trademark infringement,[9] the tort of "conversion" should not be used in ordinary trademark infringement cases as a shortcut around the trademark law's standards of protection. That is, one cannot dispense with the carefully constructed requirements for trademark protection by blithely claiming that defendant "converted" some symbol of plaintiff which may or may not be capable of trademark protection. Trademark law was specifically constructed to balance the private and public interests inherent in commercial symbols: the tort of conversion was not. It is the wrong tool for the job.