UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **HECKLER AND KOCH, INC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Cause No: 1:09-cv-00039-WTL-JMS |
| ) | |
| **GERMAN SPORT GUNS GMBH, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## ENTRY ON DEFENDANTS' MOTION TO DISMISS

This cause is before the Court on the Defendants' motion to dismiss Counts VI through IX of the Plaintiff's amended complaint. The motion is fully briefed, and the Court, being duly advised, **GRANTS IN PART AND DENIES IN PART** the motion for the reasons and to the extent set forth below.

*Factual Background*

Plaintiff Heckler and Koch, Inc., a firearms manufacturer and distributor, alleges in this suit that the Defendants are advertising, distributing and selling automatic assault weapons that replicate the Plaintiff's MP5® automatic assault weapon. Specifically, the Plaintiff alleges in its amended complaint that it owns a federal registration for the MP5® mark and also owns common law trademark and trade dress rights in the distinct shape of the MP5® weapon. It further alleges that the Defendants use the MP5® mark on their product packaging and in their advertising. The Plaintiff asserts claims arising under federal trademark statutes (Counts I through III), a claim for common law trademark infringement (Count IV), a claim for unfair competition (Count V), and four claims based upon Indiana statutes: criminal conversion, pursuant to Ind. Code 35-43-4-3 (Count VI); forgery, pursuant to Ind. Code 35-43-5-2(b); counterfeiting, pursuant to Ind. Code 35-43-5-2; and deception, pursuant to Ind. Code 35-43-5-3. The Plaintiff also seeks

corrective advertising damages (Count X).  In the instant motion, the Defendants move to dismiss each of the four Indiana statutory claims.

*Discussion*

The Defendants argue that the Plaintiff's claim of criminal conversion is not cognizable under Indiana law.  Indiana law defines criminal conversion as the knowing or intentional exertion of unauthorized control over another person's property.  Ind. Code § 35-43-4-3. "Property" is defined broadly to include "anything of value."  Ind. Code 35-41-1-23(a).  The exertion of control is defined, in turn, as "to obtain, take, carry, drive, lead away, conceal, abandon, sell, convey, encumber, or possess property, or to secure, transfer, or extend a right to property."  Ind. Code § 35-43-4-1(a).

The Plaintiff's complaint alleges that by manufacturing and/or selling weapons that replicate its MP5® weapon and using its MP5® mark in their packaging, the Defendants have exerted unauthorized control over its MP5® mark and trade dress rights and the related goodwill that has been developed by the Plaintiff.  Taking the Plaintiff's allegations as true, while these things are intangible, they are things of value to the Plaintiff in which the Plaintiff has a property interest; therefore, they constitute property as defined by Indiana law and are subject to conversion by another.  However, the Defendants did not take any of the actions included in the definition of "exertion of control."  In other words, neither the Defendants' copying of the distinct look of the MP5® weapon or the use of the MP5® mark itself constitutes obtaining, taking, carrying, driving, leading away, concealing, abandoning, selling, conveying, encumbering, or possessing the Plaintiff's intangible property.[1]  Therefore, the Plaintiff's

---

[1] Clearly some forms of intangible property are subject to these types of actions.  For example, a cable television signal can be obtained, and a trade secret could be sold or conveyed to others.  Indeed, the property interest in a trademark also can be sold along with the goodwill that it represents; however, that is not what is alleged here.

allegations in this case do not fall under the express terms of the Indiana criminal conversion statute and the Plaintiff has failed to state a claim under that statute.  Accordingly, the Defendants' motion to dismiss is granted as to Count VI.

Next, the Defendants take issue with the Plaintiff's forgery and counterfeiting claims.  In Indiana, counterfeiting includes knowingly or intentionally making a written instrument "in such a manner that it purports to have been made . . . by another person"; forgery includes the same conduct, but requires the additional element of the intent to defraud.  Indiana Code 35-43-5-2.  The Court agrees with the Defendants that the copying of the appearance of the MP5® weapon cannot constitute forgery or counterfeiting because it does not involve a written instrument.[2]  However, the Plaintiff also claims that the Defendants used its trademark on its packaging.  Inasmuch as the definition of  "written instrument" expressly includes trademarks, Ind. Code § 35-43-5-1(t), one can commit forgery or counterfeiting by selling a product bearing a trademark owned by another.  *See Jacobs v. State*, 640 N.E.2d 61, 65 (Ind. App. 1994) (holding that "the sale of a t-shirt imprinted with the legal trademark of another may be subject to prosecution under the forgery statute").

The Defendants allege that in this case "the product description labels affixed to the ends of Defendants' firearms cartons . . . are not written instruments which purport to have been made by or under the authority of Plaintiff."  Whether the Plaintiff can prove that element of their claims remains to be seen.  However, the Plaintiff has satisfied the requirement of notice pleading under Federal Rule of Civil Procedure 8 and sufficiently pled claims for forgery and counterfeiting based upon the Defendants' packaging, and therefore the motion to dismiss those claims is denied.

---

[2]Because the Court finds that the Plaintiff's forgery and counterfeiting claims cannot be based on the alleged copying of the Plaintiff's product, it need not consider the Defendants' argument that claims so based would be preempted by federal patent law.

Finally, the Defendants move to dismiss the Plaintiff's claim for deception. Indiana Code 35-43-5-3(2) prohibits making "a false or misleading written statement with the intent to obtain property." While a trademark is, by definition, a "written instrument," it is not a written *statement*, which is what is required by the deception statute. The Plaintiff does not allege that the Defendants' packaging contains any *statement,* but rather alleges only that they use the MP5® mark in their packaging. Accordingly, the Plaintiff has failed to state a claim for deception, and that claim must be dismissed as well.

SO ORDERED:   09/24/2009

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to:

Douglas B. Bates
STITES & HARBISON, LLP
dbates@stites.com

Ryan M. Bednarczuk
TAFT STETTINIUS & HOLLISTER LLP
bednarczuk@taftlaw.com

Theresa Conduah
ALSTON & BIRD LLP
theresa.conduah@alston.com

Larry C. Jones
ALSTON & BIRD LLP
larry.jones@alston.com

Bruce Benjamin Paul
STITES & HARBISON, LLP
bpaul@stites.com

Jonathan G. Polak
TAFT STETTINIUS & HOLLISTER LLP
jpolak@taftlaw.com

Trent J. Sandifur
TAFT STETTINIUS & HOLLISTER LLP
tsandifur@taftlaw.com

Darlene R. Seymour
dseymour@ce-ip.com

Jason M. Sneed
ALSTON & BIRD LLP
jason.sneed@alston.com